UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ROBERT R. FENTON, ) | |
| ) | |
|    Plaintiff, ) | Civil Action No. 5: 13-063-DCR |
| ) | |
| V. ) | |
| ) | |
| SPEEDWAY, LLC, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|    Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 13, 2012, Plaintiff Robert R. Fenton ("Fenton") sued Defendant Speedway, LLC ("Speedway") for injuries allegedly sustained while Fenton was a customer at one of Speedway's stores located in Alexandria, Kentucky. Suit was filed in the Harrison Circuit Court. Under Kentucky law, Fenton was not required to include the amount of damages sought in his Complaint. As a result, Speedway sought to determine the amount informally and through discovery in the state court action. However, because Fenton's medical treatment was ongoing, his counsel stated that he could not provide the information requested by Speedway.

On March 8, 2013, Speedway removed the action to this Court. Shortly thereafter, Fenton filed a motion to remand the action to the Harrison Circuit Court. [Record No. 4] According to Fenton, Speedway has not met its burden of establishing that the amount in controversy exceeds the jurisdictional prerequisite for diversity actions. However, having reviewed the relevant pleadings and authorities cited by the parties, the Court agrees that Speedway has met its burden. As a result, the plaintiff's motion to remand will be denied.

**I.**

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).[1] It is well-settled that the federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005). Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612, n. 28 (1979); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, "the sum claimed by the plaintiff[s] controls," but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000.00. *Gafford*, 997 F.2d at 156, 158.

**II.**

In its Notice of Removal, Speedway acknowledges that the Complaint does not indicate a specific damage amount. Instead, Fenton seeks to recover "past, present and future medical

---

[1] It is undisputed that the parties are diverse. The only controversy concerns whether the total damages sought by Fenton exceeds $75,000.00, exclusive of interest and costs.

bills; past, present, and future physical and mental pain and suffering; and past, present, and future wage loss; and his capacity to labor and earn money . . ." [*See* Record No. 1; Complaint, ¶ 10.] Based on this uncertainty, Speedway served Fenton with interrogatories and a request for admissions focused on the amount in controversy. However, in response, Fenton refused to acknowledge that he was seeking an amount in excess of $75,000.00, exclusive of interest and costs. Instead, he indicated that he had incurred medical bills of $27,077.23 and lost wages of $9,288.22 as of the date of his responses. Fenton did not state any amounts claims for future lost wages or medical expenses and he did not state the amount sought for pain and suffering. As a result of the plaintiff's failure to provide this information, Speedway's counsel asked for the missing information informally. Again, Fenton's counsel would not specify the additional amounts sought. Therefore, having exhausted formal and informal discovery efforts to confirm that the amount being sought exceeded $75,000.00, Speedway removed this action.

According to Fenton, remand is required because Speedway cannot prove that the amount in controversy exceeds the jurisdictional prerequisite.[2] However, as Speedway points out, the difficulty of proving the actual amount sought is due to the Fenton's actions. Therefore, inasmuch as Fenton has left his damages plea specifically indeterminate, it falls to this Court to make an evaluation of the actual amount in controversy to determine if the jurisdictional amount has been met and that removal is proper.

---

[2] Fenton cites to a number of cases from this jurisdiction in support of its arguments. However, those cases support the procedure followed by Speedway. When a Complaint does not specify an amount of damages being sought, it is good practice for a defendant to attempt to determine the amount through discovery. However, a plaintiff may not make his case "removal-proof" by failing or refusing to response to straight forward questions regarding damages, whether the request be formal or informal.

Under state procedural rules, plaintiff's complaints often contain an indeterminate damage claim which would not appear to support federal jurisdiction while the party maintains an intent to seek recovery beyond that jurisdictional amount. This enables a plaintiff to claim in his complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while at the same time actually seeking and perhaps obtaining damages far in excess of the federal minimum requirement.[3]

In response to questions associated with indeterminate damage claims, the Sixth Circuit has joined the Fifth, Ninth, and Eleventh Circuits in following *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936), rather than *St. Paul Mercury Indemnity Co. v. Red Tab Co.*, 303 U.S. 283 (1938), to determine the burden of proof a defendant must meet to prove that a plaintiff's complaint exceeds the jurisdictional requirement. In *Gafford*, the Sixth Circuit held that "the defendant must prove, "more likely than not," that the plaintiff's claims meet the federal amount-in-controversy requirement." 997 F.2d at 158. *See also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006). Thus, the Sixth Circuit has specifically rejects the two other standards which have garnered support in other courts, the "legal certainty" test that St. Paul applies to remand of cases originally brought in federal courts, as well as the "a reasonable probability test" that the Second and Seventh Circuits have adopted. *See Chouest v. American Airlines, Inc.*, 839 F. Supp. 412 (E.D. La. 1993); *Kennedy v. Commercial Carriers, Inc.*, 739 F. Supp. 406 (N.D. Ill. 1990);

---

[3] Rule 8.01 of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity. For a more complete discussion of the difficulties arising from the indeterminate complaint, see Alice M. Noble-Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined from the Face of Plaintiff's Complaint*, 62 Mo. L. Rev. 681 (1997).

*Hale v. Billups, Inc.*, 610 F. Supp. 162 (M.D. La. 1985); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2nd Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993).

Here, the Court concludes that Speedway's removal was proper and that it has established that, more likely than not, Fenton is seeking damages exceeding the jurisdictional minimum for removal purposes. The evidence presented by Speedway is sufficient for it to carry its burden in the present case. This court is persuaded that Fenton's negligence claim, if successful, would result in recovery in excess of the jurisdictional requirement. Based on the amount of past medical expenses claimed, and considering a reasonable multiplier for allegations of pain and suffering, it is reasonable to assume that Fenton will seek damages exceeding $75,000.00, exclusive of interest and costs. *See Fisher v. May*, 2012 WL 1964564 (W.D. Ky. May 31, 2012) (applying a 5:1 multiplier for an unspecified pain and suffering claim where medical expenses exceeded $15,000 in determining that the total amount sought exceeded $75,000). It is of no consequence that Fenton has not asserted a bad faith claim or a claim for punitive damages. In the present case, in addition to past medical expenses exceeding $27,000, Fenton has also alleged lost wages totaling $9,288.22. Thus, it is reasonable to conclude that future medical expenses, future lost wages, together with a claim for pain and suffering, will exceed $75,000.00, exclusive of interest and costs.

### III.

Because the Court concludes that the parties are diverse and the amount in controversy, more likely than not, exceeds the sum of $75,000.00, exclusive of interest and costs, it is hereby

**ORDERED** that the Plaintiff's motion to remand this action to the Harrison Circuit Court [Record No. 4] is **DENIED**.

This 3rd day of June, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge